# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DINORA CHACON, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION |
| | § | FILE NO. _____ |
| HYATT CORPORATION, | § | |
| Defendant. | § | |

## INDEX OF STATE COURT DOCUMENTS

1. State Court Docket Sheet as of November 4, 2013

2. Plaintiff's Original Petition and Request for Disclosures

3. Waiver of Citation

4. Defendant's Original Answer

1

| HCDistrictclerk.com | CHACON, DINORA vs. HYATT CORPORATION | 11/4/2013 |
|---|---|---|
| | Cause: 201361989   CDI: 7   Court: 333 | |

## APPEALS
No Appeals found.

## COST STATMENTS
No Cost Statments found.

## TRANSFERS
No Transfers found.

## POST TRIAL WRITS
No Post Trial Writs found.

## ABSTRACTS
No Abstracts found.

## SETTINGS
No Settings found.

## SERVICE
No Service found.

## NOTICES
No Notices found.

## SUMMARY

### CASE DETAILS

| | | | |
|---|---|---|---|
| **File Date** | 10/15/2013 | | |
| **Case (Cause) Location** | Civil Intake 1st Floor | | |
| **Case (Cause) Status** | Active - Civil | | |
| **Case (Cause) Type** | DISCRIMINATION | | |
| **Next/Last Setting Date** | N/A | | |
| **Jury Fee Paid Date** | 10/15/2013 | | |

### COURT DETAILS

| | |
|---|---|
| **Court** | 333rd |
| **Address** | 201 CAROLINE (Floor: 14) HOUSTON, TX 77002 Phone:7133686470 |
| **JudgeName** | JOSEPH J. HALBACH JR |
| **Court Type** | Civil |

## ACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| CHACON, DINORA | PLAINTIFF - CIVIL | | RAO, SIDDHARTHA |
| HYATT CORPORATION | DEFENDANT - CIVIL | | |

## INACTIVE PARTIES

No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 10/21/2013 | WAIVER CITATION | | | 0 | | | HYATT CORPORATION |
| 10/15/2013 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 10/15/2013 | ORIGINAL PETITION | | | 0 | | RAO, SIDDHARTHA | CHACON, DINORA |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 58018414 | Defendant's Original Answer | | 10/28/2013 | 4 |
| 57900837 | Waiver of Citation | | 10/21/2013 | 1 |
| 57785288 | Plaintiff's Original Petition and Request for Disclosures | | 10/15/2013 | 7 |
| -> 57785289 | Civil Case Information Sheet | | 10/15/2013 | 1 |

| CAUSE NUMBER *(FOR CLERK USE ONLY)*: | COURT *(FOR CLERK USE ONLY)*: |
|---|---|
| 2013-61989 / Court 332 | |

STYLED DINORA CHACON v. HYATT CORPORATION
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

### 1. Contact information for person completing case information sheet:

**Name:** SIDD RAO
SHELLIST LAZARZ SLOBIN, LLP

**Address:**
11 Greenway Plaza, Suite 1515

**City/State/Zip:**
Houston, Texas 77046

**Signature:** /s/ Sidd Rao

**Email:** srao@eeoc.net

**Telephone:** 713-621-2277

**Fax:** 713-621-0993

**State Bar No:** 24065947

### Names of parties in case:

**Plaintiff(s)/Petitioner(s):**
DINORA CHACON

**Defendant(s)/Respondent(s):**
HYATT CORPORATION

*[Attach additional page as necessary to list all parties]*

### Person or entity completing sheet is:

☒ Attorney for Plaintiff/Petitioner
☐ Pro Se Plaintiff/Petitioner
☐ Title IV-D Agency
☐ Other:

**Additional Parties in Child Support Case:**
Custodial Parent:
Non-Custodial Parent:
Presumed Father:

### 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

#### Civil

**Contract**
- *Debt/Contract*
  - Consumer/DTPA
  - Debt/Contract
  - Fraud/Misrepresentation
  - Other Debt/Contract:
- *Foreclosure*
  - Home Equity—Expedited
  - Other Foreclosure
- Franchise
- Insurance
- Landlord/Tenant
- Non-Competition
- Partnership
- Other Contract:

**Injury or Damage**
- Assault/Battery
- Construction
- Defamation
- *Malpractice*
  - Accounting
  - Legal
  - Medical
  - Other Professional Liability:
- Motor Vehicle Accident
- Premises
- *Product Liability*
  - Asbestos/Silica
  - Other Product Liability List Product:
- Other Injury or Damage:

**Real Property**
- Eminent Domain/Condemnation
- Partition
- Quiet Title
- Trespass to Try Title
- Other Property:

**Related to Criminal Matters**
- Expunction
- Judgment Nisi
- Non-Disclosure
- Seizure/Forfeiture
- Writ of Habeas Corpus—Pre-indictment
- Other:

**Employment**
- ☒ Discrimination
- Retaliation
- Termination
- Workers' Compensation
- Other Employment:

**Other Civil**
- Administrative Appeal
- Antitrust/Unfair Competition
- Code Violations
- Foreign Judgment
- Intellectual Property
- Lawyer Discipline
- Perpetuate Testimony
- Securities/Stock
- Tortious Interference
- Other:

#### Family Law

**Marriage Relationship**
- Annulment
- Declare Marriage Void
- *Divorce*
  - With Children
  - No Children

**Other Family Law**
- Enforce Foreign Judgment
- Habeas Corpus
- Name Change
- Protective Order
- Removal of Disabilities of Minority
- Other:

**Post-judgment Actions (non-Title IV-D)**
- Enforcement
- Modification—Custody
- Modification—Other

**Title IV-D**
- Enforcement/Modification
- Paternity
- Reciprocals (UIFSA)
- Support Order

**Parent-Child Relationship**
- Adoption/Adoption with Termination
- Child Protection
- Child Support
- Custody or Visitation
- Gestational Parenting
- Grandparent Access
- Paternity/Parentage
- Termination of Parental Rights
- Other Parent-Child:

#### Tax
- Tax Appraisal
- Tax Delinquency
- Other Tax

#### Probate & Mental Health
*Probate/Wills/Intestate Administration*
- Dependent Administration
- Independent Administration
- Other Estate Proceedings

- Guardianship—Adult
- Guardianship—Minor
- Mental Health
- Other:

### 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

- Appeal from Municipal or Justice Court
- Arbitration-related
- Attachment
- Bill of Review
- Certiorari
- Class Action
- Declaratory Judgment
- Garnishment
- Interpleader
- License
- Mandamus
- Post-judgment
- Prejudgment Remedy
- Protective Order
- Receiver
- Sequestration
- Temporary Restraining Order/Injunction
- Turnover

Filed 13 October 15 P2:33
Chris Daniel - District Clerk
Harris County
ED101J017770314
By: Nelson Cuero

C. A. No. _____

| | |
|---|---|
| DINORA CHACON | In The |
| Plaintiff, | District Court |
| vs. | Harris County, Texas |
| HYATT CORPORATION, | \_\_\_\_ Judicial District |
| Defendant. | |

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES**

TO THE HONORABLE JUDGE OF SAID COURT:

Dinora Chacon ("Chacon" or "Plaintiff") files this original petition against Hyatt Corporation ("Hyatt" or "Defendant"), and as grounds for her causes of action respectfully shows the following:

## 1. INTRODUCTION

1.1    This suit is brought pursuant to Rule 190.3 of the Texas Rules of Civil Procedure and is to be administered under Discovery Control Plan Level 2.

1.2    Plaintiff demands a JURY TRIAL.

1.3    This action seeks equitable relief, actual damages, compensatory damages, consequential damages, pecuniary damages, expert witness fees, court costs, attorney's fees, pre-judgment and post-judgment interest, and all other damages permitted at law or in equity.

## 2. PARTIES

2.1    Plaintiff is a resident of Harris County, Texas.

2.2    Defendant is a domestic corporation authorized to do business in the state of Texas, and process may be served on its registered agent, United States Corporation Co., at 211 E. 7th Street, Suite 620, Austin, Texas, 78701.

## 3. VENUE

3.1 Venue of this proceeding is proper in Harris County, Texas, pursuant to Texas Civil Practice & Remedies Code § 15.035 because Harris County is the county in which all or part of the cause of action accrued and the county where Plaintiff resides.

3.2 Further, venue is appropriate in Harris County, Texas because Defendant is located in Harris County.

## 4. JURISDICITION

4.1 The Court has jurisdiction over this matter because Plaintiff seeks damages in excess of the minimum jurisdictional limits of this Court.

4.2 The Court also has jurisdiction pursuant to the Texas Commission on Human Rights Act, as codified in the Texas Labor Code § 21.001, *et seq*.

4.3 Plaintiff is not bringing any federal claims in this lawsuit.

## 5. CONDITIONS PRECEDENT

5.1 All conditions precedent to the filing of this action have been met by Plaintiff, in that she has filed a timely complaint with the Texas Workforce Commission - Civil Rights Division, has received a "Notice of Right to File a Civil Action" letter from said agency, and has timely filed this lawsuit.

## 6. FACTS

6.1 Chacon is a Hispanic female who worked for Hyatt's Market Street location at 9595 Six Pines Dr. Suite 1100, The Woodlands, Texas 77070.

6.2 Chacon began her employment with Hyatt as an Executive Housekeeper on or about November 23, 2009.

6.3  Her duties and responsibilities included, but were not limited to, guest relations, conducting monthly inventory for items such as chemicals, linens, towels, and guest amenities, performing daily inspections, training employees, creating project strategies, completing daily paperwork, attending daily meetings, and arranging for special amenities.

6.4  Chacon excelled at her duties. Hyatt named Chacon "Supervisor of the Year" in 2010 and "Manager of the Year" in 2011.

6.5  Hyatt's Executive Chef, Jeff Somoska, a Caucasian male, used racially discriminatory slurs about Hyatt's Hispanic housekeeping staff, such as calling them "stupid" because they "did not speak English."

6.6  On or about July 30, 2012, Chacon complained to Hyatt's General Manager, Deena Roady, a Caucasian female, about Mr. Somoska's discriminatory remarks and a hostile work environment.

6.7  Three days later, on or about August 2, 2012, Chacon was falsely accused by Ms. Roady and Hyatt's Director of Rooms, Tatia George, a Caucasian female, of making racial comments about African Americans.

6.8  However, just two weeks prior, on or about July 18, 2012, Chacon had received a glowing review from Ms. George, who stated that Chacon excelled in all of her tasks and duties. The review gave no indication that Chacon made the alleged racial comments.

6.9  Chacon denied making the alleged racial comments but was nonetheless abruptly terminated from her position as Executive Housekeeper at Hyatt.

6.10 The following day, on or about August 3, 2012, Chacon contacted Human Resources to complain. Hyatt's Human Resources employee, Nikki Occhino, told Chacon that the decision would not be reversed.

6.11 On or about August 21, 2012, Chacon filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission – Civil Rights Division ("TWC-CRD") alleging discrimination and retaliation by Hyatt.

6.12 Hyatt then forged Chacon's signature on a resignation letter and falsely informed the EEOC that Chacon was "allowed to resign."

6.13 After Chacon was terminated, her position was given to Hyatt's Concierge, Richard Cunyus, a Caucasian male who had no previous experience in the housekeeping department and no prior knowledge of the job.

6.14 Hyatt's basis for termination is false and retaliatory. Chacon engaged in protected activity by complaining of discrimination in the workplace and was terminated a scant three days later.

## 7. CAUSES OF ACTION: CHAPTER 21 OF THE TEXAS LABOR CODE HARASSMENT, DISCRIMINATION AND RETALIATION

7.1 Plaintiff incorporates by reference all preceding facts as set forth in the preceding paragraphs.

7.2 Based on Defendant's conduct, it is liable to Plaintiff under Texas Labor Code § 21.051, which states that an employer commits an unlawful employment practice if, because of national origin, the employer discriminates against an individual in connection with compensation or the terms, conditions, or privileges of employment.

4

7.3  Based on Defendant's conduct, it is liable to Plaintiff under Texas Labor Code § 21.051, which states that an employer commits an unlawful employment practice if the employer retaliates or discriminates against a person who (1) opposes a discriminatory practice; (2) makes or files a charge; (3) files a complaint; or (4) testifies, assists, or participates in any manner in an investigation, proceeding, or hearing.

7.2  Defendant is further liable to Plaintiff for unwanted discrimination, retaliation and creating a hostile work environment which was severe and pervasive, and affected the terms, conditions, and privileges of Plaintiff's employment. Plaintiff was terminated from employment because of her complaints and opposition to the unlawful national origin discrimination.

7.3  Defendant's conduct was malicious and/or taken with reckless disregard for Plaintiff's rights. It was foreseeable by Defendant that Plaintiff would suffer harm as a result of the discrimination and retaliation.

## 8. JURY DEMAND

8.1  Plaintiff makes her request for a jury trial in this cause pursuant to Rule 216 of the Texas Rules of Civil Procedure.

## 9. ATTORNEYS' FEES

9.1  Defendant's actions have necessitated Plaintiff to retain the services of SHELLIST LAZARZ SLOBIN LLP, 11 Greenway Plaza, Suite 1515, Houston, Texas 77046, in initiating and handling this proceeding. Plaintiff seeks recovery of reasonable and necessary attorneys' fees, costs, and expenses as permitted at law. In connection with such claims, Plaintiff will seek all damages, including, but not limited to, lost wages in

the past and future, lost benefits in the past and future, loss of reputation, mental anguish and loss of enjoyment of life, punitive damages, attorneys' fees and costs of court.

## 10. REQUESTS FOR DISCLOSURE

10.1 Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant provide, within 50 days of service of this request, the information or material described in Rule 194.2.

## 11. DAMAGES

11.1 Plaintiff seeks the following damages:

a. Lost wages and benefits in the past and future;

b. Emotional pain and suffering in the past and future;

c. Punitive damages;

d. Attorneys' fees;

e. Costs of court;

f. Pre-judgment and post-judgment interest; and

g. All other relief to which Plaintiff is justly entitled, including injunctive relief.

## 12. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, that upon final trial hereof, Plaintiff recover her actual and exemplary damages, plus reasonable and necessary attorneys' fees and costs of court, and both pre- and post-judgment interest at the legal rate, and for such other and further relief, both general and special, at law and in equity, to which she may show she is justly entitled under all attending facts and circumstances.

Respectfully submitted,

**SHELLIST | LAZARZ | SLOBIN LLP**

/s/ *Sidd Rao*
TODD SLOBIN
State Bar No. 24002953
SIDD RAO
State Bar No. 24065947
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

**ATTORNEYS FOR PLAINTIFF
DINORA CHACON**

3

CAUSE NO. _____

| DINORA CHACON, | IN THE DISTRICT COURT OF |
|---|---|
| Plaintiff, | |
| vs. | HARRIS COUNTY, TEXAS |
| HYATT CORPORATION, | |
| Defendant. | _____ JUDICIAL DISTRICT |

## WAIVER OF CITATION

STATE OF TEXAS §
COUNTY OF HARRIS §

Before me, the undersigned notary, on this day personally appeared John Jansonius, a person whose identity is known to me. After I administered an oath to him, upon his oath he said:

"I, John Jansonius, am counsel for defendant in this case, Hyatt Corporation.

Plaintiff, through her counsel, has given me a copy of the original petition and request for disclosures she filed in this case. I have read the petition, and I understand it. I enter my appearance in this case for all purposes, and, on behalf of my client Hyatt Corporation, I waive the issuance of citation and service of process, effective as of the date this waiver is signed."

_October 21, 2013_  
Date

_/s/ John Jansonius_  
John Jansonius  
Counsel for Defendant

SUBSCRIBED AND SWORN to before me on this 21ST day of OCTOBER 2013.


ERIN SHEA
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 12-28-2015

_/s/ Erin Shea_  
Notary Public, in and for the State of Texas

4

CAUSE NO. 2013-61989

| | | |
|---|---|---|
| DINORA CHACON, | § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| vs. | § § | HARRIS COUNTY, TEXAS |
| HYATT CORPORATION | § § | |
| Defendant. | § § § | 333RD JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

Defendants Hyatt Corporation ("Hyatt" or "Defendant") presents this its Original Answer and Affirmative Defenses and would respectfully show the Court as follows

### I.
### GENERAL DENIAL

Pursuant to TEX. R. CIV. P. 92, Defendant denies generally and in the singular, each and every, all and singular, the material allegations in Plaintiff's Original Petition and request that Plaintiff be required to prove her claims and allegations against Defendant by a preponderance of the credible evidence as is required by the constitution and laws of the State of Texas.

### II.
### AFFIRMATIVE DEFENSES

By way of further answer if such be necessary, pursuant to TEX. R. CIV. P. 94, Defendant asserts the following affirmative defenses:

1.  Defendant asserts that all employment decisions affecting Plaintiff were done for legitimate, business reasons or, in the finding of any mixed motive, the same decision would have been made absent the impermissible factor.

2.  Defendant did not have the requisite intent or state of mind to commit any of the acts alleged and did not act willfully, recklessly or maliciously.

3.  To the extent any of Plaintiff's claims are based on any alleged discrimination that occurred more 180 days prior to the filing of Plaintiff's Charge of Discrimination, Plaintiff's claims are barred by the statute of limitations.

4.  To the extent any of Plaintiff's claims are based on any alleged discrimination that occurred more 180 days prior to the filing of Plaintiff's Charge of Discrimination, Plaintiff has failed to timely exhaust her administrative remedies.

5.  To the extent Plaintiff has received compensation since the occurrence of any alleged adverse employment action, Defendant asserts an offset for those amounts received by Plaintiff.

6.  Plaintiff's claims for damages are barred to the extent she failed to mitigate her damages.

7.  Defendant asserts that claims brought for compensatory and punitive damages for alleged violations of TCHRA cannot exceed the applicable statutory caps.

8.  Without admitting any liability to Plaintiff and without admitting Plaintiff is entitled to any actual or punitive damages, Defendant contends Plaintiff's alleged damages are statutorily limited or "capped" by virtue of the provisions of Chapter 41 of the Texas Civil Practice and Remedies Code.

9.  The punitive damages sought by the Plaintiff in connection with this case violate, *inter alia*, due process clause and equal protection provisions of the United States Constitution. Specifically, Defendant would show that any recovery of punitive damages in this civil lawsuit would constitute the imposition of a criminal penalty without the substantive or procedural safeguard by the Fifth and Fourteenth Amendments to the United States Constitution.

10. The punitive damages sought by Plaintiff do not bear a reasonable relationship to either (1) the degree of reprehensibility involved with Defendant's alleged conduct; (2) the alleged harm; or (3) damages awarded in comparable cases as provided by the United States Supreme Court. *BMW of North America, Inc. v Gore*, 116 S. Ct. 1589, 1598-99 (1996).

11. Plaintiff is not entitled to any punitive damages because, pursuant to the *Kolstad* doctrine, Defendant made a good faith effort to comply with all anti-discrimination laws. *Kolstad v. American Dental Association*, 527 U.S. 526 (1999).

12. All or part of Plaintiff's claims may be limited or barred in whole or in part by the doctrine of waiver, estoppel, and laches.

## IV.
## PRAYER

Defendant Hyatt Corporation respectfully requests that Plaintiff take nothing by this suit, and further request that Defendant be awarded attorneys' fees and costs of court and such other and further relief, both general and special, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

*John V. Jansonius*
John V. Jansonius
State Bar No. 10571900
Lauren E. Mutti
State Bar No. 24050042
**JACKSON WALKER L.L.P.**
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 953-6000
(214) 953-5822 - Fax
Email: jjansonius@jw.com

**ATTORNEYS FOR DEFENDANT HYATT CORPORATION**

### CERTIFICATE OF SERVICE

This is to certify that on this 28th day of October, 2013, a true and correct copy of the foregoing document was served via facsimile, upon:

Todd Slobin
Sidd Rao
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

*Lauren E. Mutti*
Lauren E. Mutti